The Hanchulak Law Offices, P.C.
By: Gerald J. Hanchulak, Attorney I.D. 56320
604 South State Street
Clarks Summit, PA 18411
Phone: (570) 319-6642

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA & VINCENT COSTA | : | |
| | : | |
| Plaintiffs, | : | No.: |
| | : | Civil Action-Law |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| RSADEA, LLC t/a NURNBERGER BIER HAUS | : | |
| a/k/a NURNBERGER BIERHAUS and | : | Judge: |
| 191 STATEN ISLAND LLC | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

**AND NOW,** come the Plaintiffs, Laura and Vincent Costa, by and through their attorneys,

The Hanchulak Law Offices, P.C., and avers as follows:

### I. INTRODUCTION

1.   Plaintiffs RSADEA, LLC, t/a  Nurnberger Bier Haus a/k/a Nurnberger Bierhaus and 191

Staten Island LLC, for personal injuries they sustained because of the Defendant's negligence.

## II. PARTIES

2.   Plaintiffs are adult and competent individuals residing at 10 Juniper Road, Port

Washington, NY 11050.

3.   The defendant RSADEA, LLC, is a Pennsylvania Limited Liability Company with a

mailing address of 208 Lower Lakeview Drive, Hawley, PA 18428 and trades as Nurnberger

Bierhaus a/k/a Nurnberger Bier Haus.

4.   The defendant 191 Staten Island, LLC, is a Pennsylvania Limited Liability Company

with a mailing address at 208 Lower Lakeview Drive, Hawley, PA 18428.

## III. JURISDICTION & VENUE

5.   The Defendants are citizens of the state of Pennsylvania.

6.   The Plaintiffs are citizens of the state of New York.

7.   The amount in controversy in this matter exceeds $75,000.00.

8.   Jurisdiction in the Middle District of Pennsylvania is proper pursuant to 28 U.S.C. §

1332.

9.   Venue in the Middle District of Pennsylvania is proper pursuant to 28 U.S.C. §

1391(b), as the events and/or omissions giving rise to the claims occurred in the District and the

Defendants can be served in the District.

## IV. FACTUAL BACKGROUND

10. The defendants above named own and operate a restaurant, bar and event venue,

known as Nurnberger Bierhaus a/k/a Nurnberger Bier Haus that is located at 2136 Lake Ariel

Highway, Lake Ariel, PA 18436.

11. It is believed and therefore averred that RSADEA LLC is the Pennsylvania Liquor Control Board licensee of the establishment.

12. It is believed and therefore averred that 191 Staten Island, LLC, is the property owner.

13. On February 18, 2021, Laura Costa, was a business invitee of the Defendants.

14. On February 18, 2021, Laura Costa, Vincent Costa and several other family members had a 5:00 PM dinner reservation at Nurnberger Bierhaus.

15. The Costa family arrived for their reservation at approximately 5:00 PM on February 18, 2021.

16. After finishing their dinner, the Costa's were escorted to the establishment's exit by an employee of the defendants.

17. From February 15, 2021, through February 18, 2021, only trace amounts of snow had fallen in and around Lake Ariel, and generally slippery conditions did not exist in the community on February 18, 2021.

18. Upon exiting the Nurnberger Bierhaus, via the exit the defendant's employee led her to, Mrs. Costa Slipped and fell on an accumulation of ice and snow in the walkway, causing her serious and permanent personal injuries which will be set forth below.

19. Only after the fall did Mrs. Costa become aware of the ice and frozen snow which was accumulated in the walkway.

20. The lighting in the area of the walkway was poor making it difficult to discover the slippery conditions.

**COUNT I**
**NEGLIGENCE**
**LAURA COSTA V. DEFENDANTS**

21. Plaintiff incorporates herein by reference paragraphs 1 through 20 above as if the same were set forth fully herein and at length.

22. The Defendants were negligent in the maintenance of their property, in that they allowed accumulations of ice and snow to exist long after they accumulated.

23. The aforesaid accumulations unreasonably obstructed travel and presented a danger to patrons of Defendant's business.

24. The Defendants knew or should have known of the existence of the aforesaid condition, as it existed right in front of their building for an extended period of time.

25. The Defendants allowed the condition to exist even though they were open for business with reservations on the books and patrons inside the premises dining.

26. The Defendants were negligent in leading Laura Costa directly to the dangerous condition and failing to warn her of the condition.

27. The dangerous accumulation of ice and snow caused the Plaintiff's fall.

28. The Defendants failed to warn Laura Costa of the existence of the aforesaid condition.

29. The Defendant failed to inspect its property for dangerous conditions and to correct said dangerous conditions.

30. The Plaintiff, Laura Costa, was at all times relevant hereto a business visitor of the Defendants.

31. As a direct and proximate result of the Defendant's negligence, described above, the Plaintiff, Laura Costa, suffered the following serious injuries to her left leg, some or all of which will be permanent:

      a.     Including high-grade tears of the extensor tendon mechanism;

      b.     Injury to the rectus femoris tendon;

      c.     Extensive edematous changes in the vastus medialis;

      d.     Tearing of the distal medialis tendon;

      e.     Joint effusion and extensive subcutaneous edematous changes; and

      f.     A high grade quadricep rupture.

32. The injuries to Mrs. Costa's left leg were significant enough to require surgical repair.

33. The surgery Mrs. Costa required was an open surgical procedure which resulted in significant permanent scaring.

34. The left leg injuries required convalesce and physical therapy.

35. At the time of her injuries Mrs. Costa was an RN and Clinical Adjunct Professor of Nursing.

36. As a result of the negligent conduct of the Defendants, and solely caused thereby; Mrs. Costa suffered a loss of earnings and earning capacity and will continue to suffer the same into the future.

37. As a result of the negligent conduct of the Defendants, and solely caused thereby; Mrs. Costa has been caused to incur medical expenses and will continue to incur said medical and other expenses for an indefinite time in the future.

38. As a result of the negligent conduct of the Defendants, and solely caused thereby; Mrs. Costa has suffered great pain and mental anguish, embarrassment, humiliation, interruption of her lifestyle, and mental and physical suffering and will continue to suffer the same into the future.

WHEREFORE, Plaintiff Laura Costa, demands judgment against the Defendants in an amount in excess of $75,000.00, plus interest, costs and delay damages.

## COUNT II – LOSS OF CONSORTIUM
## VINCENT COSTA V. DEFENDANTS

39. Plaintiff, Vincent Costa, incorporates herein by reference paragraphs 1 through 38 above as if the same were set forth herein and at length.

40. As a result of the Defendant's negligence, as set forth above, the Plaintiff, Vincent Costa, has suffered a loss of the aid, comfort and society of his wife, Laura Costa.

WHEREFORE, Plaintiff, Vincent Costa, demands judgment against the Defendant in an amount in excess of $75,000.00, plus interest, costs and delay damages.

Respectfully submitted,
The Hanchulak Law Offices, P.C.


By: _____
         Gerald J. Hanchulak, Esq.
         Attorney ID #56320
         604 South State Street
         Clarks Summit, PA 18411
         570-319-6642